UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 05 CR 136 |
| vs. ) | |
| ) | Judge Joan Humphrey Lefkow |
| GLORIA PINEX, also known as ) | |
| Gloria Howard ) | |

FILED
MAY 0 3 2006
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, GLORIA PINEX, and her attorney, GABRIEL PLOTKIN, made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant regarding the defendant's criminal liability in case 05 CR 136. This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, GLORIA PINEX, and her attorney, GABRIEL PLOTKIN, have agreed upon the following:

1. Defendant acknowledges that she has been charged in the indictment in this case with knowingly converting government money, in violation of Title 18, United States Code, Section 641.

2.  Defendant has read the charge against her contained in the indictment, and the charge has been fully explained to her by her attorney.

3.  Defendant fully understands the nature and elements of the crime with which she has been charged.

4.  Defendant will enter a voluntary plea of guilty to the indictment in this case.

5.  Defendant will plead guilty because she is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

From in or around January 2001, continuing to in or around August 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant GLORIA PINEX, also known as Gloria Howard, did steal, purloin, and knowingly convert to her own use money belonging to the United States, namely, approximately $24,993 in funds administered by the Social Security Administration ("SSA") as part of its Supplemental Security Income ("SSI") program, which funds the defendant was not entitled to receive, in violation of Title 18, United States Code, Section 641.

Specifically, in or around December 1965, defendant GLORIA PINEX applied to the SSA for a social security number under her maiden name "Gloria Williams." The SSA issued social security number XXX-XX-1390 to the defendant ("Pinex SSN"). In or around August 1966, defendant GLORIA PINEX applied for a social security number under the name of "Gloria Howard." The SSA issued social security number XXX-XX-3107 in the name "Gloria Howard" ("Howard SSN"). In that application, the defendant falsely claimed that her birth name was "Gloria Howard"

and that she had never before applied for a social security number. In or around March 1986, following her marriage to Louis Pinex, Gloria Williams changed her name to "Gloria Pinex."

In or around March 1983, the defendant applied to the SSA for SSI benefits under the name "Gloria Howard" and the "Howard SSN." In her application, which defendant submitted to a SSA office in Chicago, Illinois, she falsely represented that she had never used any other name or social security number. In or around July 1983, the SSA granted the defendant's application for SSI benefits.

In or around July 2000, the defendant applied to the SSA for SSI benefits under the name "Gloria Pinex" and the "Pinex SSN." When she filed her application for SSI benefits, the defendant falsely stated that she had never used any other social security number or any other name. The defendant, in fact, had used the name "Gloria Howard" and the "Howard SSN" when she previously applied for and received SSI benefits in 1983. As a result of her false representations, the SSA found "Gloria Pinex" eligible for SSI benefits in or around January 2001. From in or around January 2001 to in or around August 2004, the defendant received SSI benefits under both the names "Gloria Howard" and "Gloria Pinex."

In total, defendant PINEX knowingly converted approximately $24,993 in SSI benefits paid to her by the SSA between in or around January 2001 and in or around August 2004. Defendant knowingly converted this money for her own use even though she knew that she had no entitlement to the money.

6. The calculations listed below to determine the advisory Sentencing Guidelines range are governed by the guidelines effective November 2005 promulgated by the United States

Sentencing Commission pursuant to Title 28, United States Code, Section 994. The parties agree on the following points:

(a) Pursuant to Guideline § 2B1.1(a), the base offense level for the offense of conviction is level six.

(b) Pursuant to Guideline § 2B1.1(b)(1)(C), a four-level increase in the offense level is warranted because the loss that resulted from the offense of conviction was more than $10,000, but less than $30,000.

(c) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions, within the meaning of Guidelines § 3E1.1(a), a two-level reduction in the offense level is appropriate.

(d) Based on the facts known to the government, the defendant's criminal history points equal zero and the defendant's criminal history category is I.

(e) Defendant and her attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. Defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

(f) Defendant understands that, in imposing sentence, the Court will be guided by the United States Sentencing Guidelines. The defendant also understands that the Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

7. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea on the basis of such corrections.

8. Defendant understands the offense to which she will plead guilty carries a maximum penalty of ten years' imprisonment, a maximum fine of $250,000, a maximum term of supervised release of three years, and any restitution ordered by the Court.

9. Defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, defendant will be assessed a special assessment of $100 on the charge to which she has pled guilty, in addition to any other penalty imposed. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or a money order made payable to the Clerk of the U. S. District Court.

10. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by

the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

11. Defendant understands that by pleading guilty she is waiving all the rights set forth in paragraph 10. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights. Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and only may appeal the validity of this plea of guilty or the sentence.

12. Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

13. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

14. At the time of sentencing, the parties shall be free to recommend that the Court impose any sentence they deem appropriate.

15. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose up to the maximum penalties as set forth in paragraph 8 above. However, the Court is obligated to consult and take into account the Sentencing Guidelines in imposing a reasonable sentence. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

16. Regarding restitution, defendant agrees that the offense to which she is pleading guilty is an offense against property, and that restitution to the Social Security Administration for the $24,993 loss caused by the offense is required pursuant to Title 18, United States Code, Section

3663A. Defendant understands that Title 18, United States Code, Section 3664 and Sections 5E1.1 and 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and in determining the schedule, if any, according to which restitution is to be paid in this case. Defendant agrees to provide full and truthful information to the Court and United States Probation Officer regarding all details of her economic circumstances in order to determine the proper restitution schedule according to which defendant may be ordered to pay. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court.

17. Defendant understands that her compliance with each part of this Plea Agreement extends throughout and beyond the period of her sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. She further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or to resentence defendant. Defendant understands and agrees that in the event that this Plea Agreement is breached by defendant, and the Government elects to void the Plea Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecutions.

18. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

19. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

20. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

21. Defendant acknowledges that she has read this Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 5-3-06

_____  
PATRICK J. FITZGERALD  
United States Attorney

_____  
GLORIA PINEX  
Defendant

_____  
PATRICK NAGLE  
Assistant United States Attorney

_____  
GABRIEL PLOTKIN  
Attorney for Defendant